IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHELLEY PAINE, on behalf of herself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTREPID U.S.A., INC.,<br><br>Defendant. | No. 3:14-cv-02005<br>Senior Judge Haynes |

# ORDER

Plaintiffs, Shelley Paine and others similarly situated, Tennessee citizens, filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), raising a federal question pursuant to 28 U.S.C. § 1331 against the Defendant Intrepid, U.S.A., Inc., a Minnesota corporation with its principle place of business in Texas. Plaintiffs assert that Defendants have violated the FLSA by incorrectly categorizing Plaintiffs as exempt employees ineligible for overtime pay.

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 101) to deny Defendant's motion to dismiss (Docket Entry No. 31). Defendant filed its objections (Docket Entry No. 54) asserting that personal jurisdiction and venue were not proper in this district. Plaintiffs filed a response (Docket Entry No. 56) and Defendant filed a reply (Docket Entry No. 65).

In this action, Plaintiffs assert jurisdiction, in part, based upon paychecks, W-2 statements, an employee manual and benefits forms sent to them from Defendants. Plaintiffs allege that they were employed by Defendant when the contested actions occurred. If "'a

nonresident defendant transacts business by negotiating and executing a contract via telephone calls and letters to an [out-of-state] resident, then the defendant has purposefully availed himself of the forum by creating a continuing obligation in [that particular state].'" Keeley v. Airgas, Inc., No. 2:08-cv-111, 2008 WL 5422691, at *10 (W.D. Mich. Dec. 29, 2008) (quoting Cole v. Mileti, 133 F.3d 433, 436 (6th Cir. 1998)).

Specifically in employment issues, "there can be no doubt that Defendant purposefully availed itself of the privilege of acting in [the forum state]." Shah v. Nu Kote Int'l, Inc., 898 F.Supp. 496, 502 (E.D. Mich. 1995) aff'd, 106 F.3d 401 (6th Cir. 1997). "Defendant's contacts with this state include its recruitment of Plaintiff while he lived and worked here [...] given the totality of Defendant's contacts with this state, the Court finds that it would not be unreasonable to hale Defendant into a [forum state] court to answer the employment-related claims of a former employee who spent time working for the company in [the forum state]." Id. "The employment contract at issue here was performed at least in part by the plaintiff in [the forum state] with the knowledge and acquiescence, and even facilitation of the defendant. [...] Rather, while the plaintiff may have initiated the contacts, [Defendant] acquiesced and supported the contacts with [the forum state] by facilitating the work done by the plaintiff in this state." Hige v. Turbonetics Holdings, Inc., 662 F.Supp.2d 821, 830-831 (E.D. Mich. 2009). The Court concludes that personal jurisdiction exists in this action.

Defendant also asserts that venue is not appropriate in this district. Venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Alternatively, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b)(3). Because the Court concludes that personal jurisdiction exists, venue is also appropriate.

Finally, Defendants object to the Magistrate Judge's determination of corporate structure. There is controverted evidence before the Court and it is not appropriate to decide this issue on a motion to dismiss.

After de novo review, the Report and Recommendation is **ADOPTED**, and Defendant's motion to dismiss (Docket Entry No. 31) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 30th day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge